UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO.: 3:13-CV-315-TBR

MIGLIORE & ASSOCIATES, LLC,                                           PLAINTIFFS
LISA MIGLIORE BLACK

v.

KENTUCKIANA REPORTERS, LLC                                            DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Plaintiffs' motion for a new trial. (Docket #89). Defendant has responded. (Docket #97). Plaintiffs have replied. (Docket #98). This matter is now ripe for adjudication. For the following reasons, Plaintiffs' motion for a new trial (Docket #89) is DENIED.

BACKGROUND

Plaintiffs Migliore & Associates, LLC and Lisa Migliore Black (collectively "Migliore") provide court reporting services. Defendant Kentuckiana Reporters, LLC also provides court reporting services. This action arises out of Kentuckiana Reporters' registration of the domain name "lisamigliore.com." Visitors to the website "lisamigliore.com" were redirected to a website for Kentuckiana Reporters. (Docket #1). Migliore claimed to possess an unregistered common law trademark right in the name "Lisa Migliore." Migliore asserted that Kentuckiana Reporter's registration of "lisamigliore.com" domain name violated the Anti-Cybersquatting Protection Act, the Lanham Act, and constituted unfair competition. (Docket #1).

A jury trial was held in February, 2015. The first interrogatory presented to the jury asked: "Do you believe that Migliore & Associates has shown, by a preponderance of the

evidence, that it owns 'Migliore' as a trademark." (Docket #84). The jury answered "no." (Docket #84). The jury also found that Kentuckiana had not injured Migliore by "taking its business, impairing its goodwill, or by unfairly profiting from the use of its name." (Docket #84).

Migliore now moves for a new trial on the grounds that the jury's verdict was "against the manifest weight of evidence." (Docket #89). Migliore believes that the jury reached its decision based on some other non-probative factor. In response, Kentuckiana Reporters argues Migliore has not met the "rigorous" standard for setting aside a jury's verdict. (Docket #97).

STANDARD

"The standard to be applied by a district court in ruling on a motion for a new trial is set forth in Rule 59 of the Federal Rules of Civil Procedure, which provides that '[a] new trial may be granted . . . for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States.'" *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 467-8 (1995); FRCP 59(a). In addition, district courts may grant a new trial where "it is quite clear that the jury has reached a seriously erroneous result." *Id.* at 468.

A new trial is warranted under FRCP 59(a) when a jury has reached a seriously erroneous result as evidenced by: (1) the verdict being against the weight of the evidence; (2) the damages being excessive; or (3) the trial being unfair to the moving party, such that the proceedings were influenced by prejudice or bias. *Holmes v. City of Massillon*, 78 F.3d 1041, 1045-46 (6th Cir.1996) (emphasis added) (citing, *inter alia, Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940)). "The power of the trial judge to set aside a verdict as against the weight of the evidence and grant a new trial is thus a check or limitation on the jury's power to render a final and binding verdict, to the end that a miscarriage of justice does not result." *Duncan v. Duncan*,

377 F.2d 49, 52 (6th Cir. 1967).  However, "[c]ourts are not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable." *Tennant v. Peoria & P. U. Ry. Co.*, 321 U.S. 29, 35 (1944).  A district court "enjoys wide latitude" in granting or denying a new trial.  *D.R.C.D.T., Inc. v. Integrity Insurance Co.*, 816 F.2d 273, 276 (6th Cir.1987).

DISCUSSION

In this case the jury found by a preponderance of the evidence that Migliore had not established a trademark in the name "Migliore."  At issue is whether the jury's decision that went against the weight of evidence.  A "jury's verdict should be accepted if it is one which could reasonably have been reached." *Duncan v. Duncan*, 377 F.2d 49, 52 (6th Cir. 1967); *Barnes v. Owens-Corning Fiberglas Corp.*, 201 F.3d 815, 821 (6th Cir. 2000).

Migliore was required to prove by a preponderance of the evidence that it possessed a valid trademark in the name "Migliore."  Migliore had not registered "Migliore" as a trademark. While a non-registered mark[1] may still qualify for trademark protection, the mark must be distinctive.  *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 280 F.3d 619, 629 (6th Cir. 2002).  Surnames are "inherently non-distinctive" and afforded protection only if they have acquired a secondary meaning.  *Carl v. Bernardjcarl.com*, 662 F. Supp. 2d 487, 495 (E.D. Va. 2009).  Seven factors are considered in deciding whether a mark has gained a secondary meaning:  (1) consumer testimony; (2) consumer surveys; (3) exclusivity, length, and manner of

---

[1] The "burden of proving common law trademark rights is greater than that simply to support registration of a mark."  *McDonald's Corp. v. Burger King Corp.*, 107 F. Supp. 2d 787, 789 (E.D. Mich. 2000).  "A party establishes a common law right to a trademark only by demonstrating that its use of the mark was 'deliberate and continuous, not sporadic, casual or transitory.'" *Circuit City Stores, Inc. v. CarMax, Inc.*, 165 F.3d 1047, 1054-55 (6th Cir. 1999) (*quoting La Societe Anonyme des Parfums le Galion v. Jean Patou, Inc.*, 495 F.2d 1265, 1272 (2d Cir. 1974).

use; (4) amount and manner of advertising; (5) amount of sales and number of customers; (6) established place in the market; and (7) proof of intentional copying. *Herman Miller, Inc. v. Palazzetti Imports and Exports, Inc.*, 270 F.3d 298, 311-12 (6th Cir. 2001).

Migliore argues it met this burden when Lisa Migliore Black, Ann LeRoy, and Richard Coulter testified that Migliore used the "Migliore" name in business and advertising. Moreover, there was evidence presented that Kentuckiana Reporters intentionally copied the name "Migliore" when Kentuckiana Reporters registered "lisamigliore.com." However, Migliore presented little to no testimony from consumers, consumer surveys, or otherwise established consumer's perception of the name "Migliore" in the marketplace. Kentuckiana Reporters emphasized these points in their closing argument to the jury. (Docket #94, p. 22). The jury could have reasonably concluded that the name "Migliore" had not acquired the status of a trademark.

Migliore argues the jury's verdict "was a complete surprise as it was one of the easier elements of its claim." (Docket #98). However, "[j]uries are not bound by what might seem inescapable logic to judges or lawyers." *Holt v. Utility Trailers Mfg. Co.*, 494 F. Supp. 510, 514 (E.D. Tenn. 1980) (*citing Morissette v. United States*, 342 U.S. 246, 276 (1952)). Migliore also argues that the jury's deliberation was too brief, but a brief deliberation alone does not establish that a verdict was improper. *See Paoletto v. Beech Aircraft Corp.*, 464 F.2d 976, 983 (3rd Cir. 1972)). Nor is a brief deliberation unusual when the jury finds that a plaintiff has failed to establish the first element of her case. Finally, Migliore speculates that the jury may have based its verdict "on some other non-probative factor," such as an attack on Migliore's character. (Docket #89). However, the blog post Migliore cites to was posted after the trial and therefore

could not have been the basis for the jury's verdict and Migliore provides no other proof that the jury relied on improper evidence.

## CONCLUSION

IT IS HEREBY ORDERED, for the foregoing reasons, Plaintiffs' motion for a new trial (Docket #89) is DENIED.